IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERTO FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER ANTHONY VARCHETTO, STAR #9031; CHICAGO POLICE OFFICER JOHN THORNTON, JR., STAR #12921; CHICAGO POLICE OFFICER RANITA MITCHELL, STAR #12514 ; CHICAGO POLICE OFFICER KEVIN DRUMGOOLE, STAR #19047; CHICAGO POLICE OFFICER STACI BAILEY, STAR #6683; CHICAGO POLICE OFFICER YOLANDA TALLEY, STAR #1564; CHICAGO POLICE OFFICER JAMES LOVE, STAR #17382; CHICAGO POLICE OFFICER WOJCIECH LACZ, STAR #15609; CHICAGO POLICE OFFICER PAUL MEAGHER, STAR #8762; and THE CITY OF CHICAGO, a Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, GILBERTO FLORES, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the Defendants, CHICAGO POLICE OFFICERS ANTHONY VARCHETTO, STAR #9031; JOHN THORNTON, JR., STAR #12921; RANITA MITCHELL, STAR #12514; KEVIN DRUMGOOLE, STAR #19047; STACI BAILEY, STAR #6683; YOLANDA TALLEY, STAR #1564; JAMES LOVE, STAR #17382; WOJCIECH LACZ, STAR #15609; PAUL MEAGHER, STAR #8762; and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

1

## INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, GILBERTO FLORES, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICERS ANTHONY VARCHETTO, STAR #9031; JOHN THORNTON, JR., STAR #12921; RANITA MITCHELL, STAR #12514; KEVIN DRUMGOOLE, STAR #19047; STACI BAILEY, STAR #6683; YOLANDA TALLEY, STAR #1564; JAMES LOVE, STAR #17382; WOJCIECH LACZ, STAR #15609; PAUL MEAGHER, STAR #8762, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The Defendant, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On or about November 13, 2014, DEFENDANT OFFICER ANTHONY VARCHETTO, STAR #9031 and other Defendants conspired to fabricate information on a complaint for search warrant in order to obtain a search warrant for the home of the Plaintiff located at 4736 W. McLean Avenue in Chicago.

7. On November 14, 2014, the DEFENDANT OFFICERS conducted a traffic stop

of the Plaintiff in the vicinity of 2448 N. Cicero Avenue in Chicago.

8. DEFENDANT OFFICER ANTHONY VARCHETTO, STAR #9031 and other Defendants ordered the Plaintiff out of his car at gun point. The DEFENDANT OFFICERS then took the Plaintiff into custody and handcuffed him despite the fact he was not in violation of any laws.

9. The DEFENDANT OFFICERS transported the Plaintiff back to his home located at 4736 W. McLean Avenue, Chicago.

10. The DEFENDANT OFFICERS conducted a search of the Plaintiff's apartment and became angry and upset after no narcotics were found.

11. The DEFENDANTS began to throw and smash household items, including glass containers and other personal items that belong to the Plaintiff and his family because they were upset they could not find any narcotics in the Plaintiff's home.

12. The DEFENDANT OFFICERS called a canine unit with a drug sniffing dog to search the Plaintiff's home for narcotics.

13. When the canine unit failed to find any narcotics in the Plaintiff's home, the DEFENDANT OFFICERS began to throw bags of garbage onto the floor of the Plaintiff's dining room.

14. The DEFENDANTS took powdered sugar from a garbage bag and falsely claimed it was cocaine.

15. DEFENDANT OFFICER YOLANDA TALLEY, the supervising Sergeant on scene, pulled out a bag of ashes from an urn that was on a shelf next to a picture of the Plaintiff's deceased son.

16. The Plaintiff, who was handcuffed in the same room, explained to the

DEFENDANTS that the urn contained ashes from his son, who had passed away several years ago.

17. DEFENDANT YOLANDA TALLEY told the Plaintiff, "we got your ass now" and the ashes of the Plaintiff's deceased son were inventoried by the DEFENDANT OFFICERS as heroin.

18. At the time the DEFENDANT OFFICERS recovered and inventoried the powdered sugar and claimed it was cocaine and the ashes of the Plaintiff's deceased son and claimed it was heroin, the DEFENDANT OFFICERS knew the items were not narcotics.

19. Unable to find any contraband they could connect to the Plaintiff, the DEFENDANT OFFICERS also took an antique replica civil war pistol out of a frame that was hanging on the dining room wall and falsely charged the Plaintiff with Unlawful Possession of a Firearm.

20. At the time the DEFENDANTS recovered and inventoried the antique replica civil war pistol, they knew it was not a firearm and was incapable of firing bullets.

21. The Plaintiff was subsequently transported by the DEFENDANT OFFICERS to the Chicago Police facility at Homan Square.

22. In an effort to further the prosecution of the Plaintiff, DEFENDANT OFFICERS DRUMGOOLE and VARCHETTO fabricated an alleged oral confession by the Plaintiff.

23. The DEFENDANTS, individually and collectively, conspired to fabricate evidence in an effort to have the Plaintiff prosecuted for crimes he did not commit. In furtherance of this conspiracy, the DEFENDANT OFFICERS fabricated evidence, including, but not limited to, false information in a sworn search warrant complaint, an alleged oral confession from Plaintiff, false criminal complaints, and perjured and false testimony in criminal

4

proceedings which resulted in a deprivation of the Plaintiff's liberty and false criminal charges being lodged against him.

24. Based on the misconduct and falsified evidence by the DEFENDANTS outlined above, the Plaintiff was charged with multiple felony offenses and incarcerated in the Cook County Department of Corrections.

25. On October 19, 2016, all of the criminal charges initiated by the DEFENDANTS were terminated in a manner indicative of the Plaintiff's innocence.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

26. Plaintiff re-alleges and incorporates paragraphs 1-25 as fully stated herein.

27. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

29. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### State Law Claim: Malicious Prosecution

30. Plaintiff re-alleges and incorporates paragraphs 1-25 above as fully stated herein.

31. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in Plaintiff's favor in a manner consistent with the Plaintiff's innocence.

32. DEFENDANTS accused Plaintiff of criminal activity, despite the fact that they

5

knew the accusations were baseless, that the Plaintiff had been arrested without probable cause. Defendants made written and other statements with the intent of exerting influence to institute and continue judicial proceedings which were false and made with actual malice.

33. Statements of DEFENDANTS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

34. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

35. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

36. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### Due Process Violation

37. Plaintiff re-alleges and incorporates paragraphs 1-25 as fully stated herein.

38. As described above, the DEFENDANT OFFICERS, while acting under color of law and within the scope of their employment as Chicago Police Officers, violated Plaintiff's right to Due Process, *inter alia*, by fabricating evidence, providing false testimony and withholding material and exculpatory evidence from prosecutors. Absent the Defendants' misconduct, the prosecution of the Plaintiff could not and would not have been pursued.

39. The misconduct described in this Court was undertaken intentionally, with malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

40. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered a deprivation of liberty and other damages, including but not limited to, incarceration, severe mental distress and anguish.

### COUNT IV
### Section 1983 Conspiracy Claims

41. Plaintiff re-alleges and incorporates paragraphs 1-25 above as fully stated herein.

42. As outlined above, the DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff and charge him with crimes he did not commit.

43. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in a sworn search warrant complaint, fabricating an oral confession from the Plaintiff, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings which resulted in a deprivation of the Plaintiff's liberty and false criminal charges being lodged against him.

44. This conspiracy proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

### COUNT V
### Indemnification

45. Plaintiff re-alleges and incorporates paragraphs 1-25 above as fully stated herein.

46. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

47. The Defendant Sergeant and Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

48. Plaintiff, GILBERTO FLORES, respectfully requests that the Court:

   a. Enter judgment in her favor and against Defendants, CHICAGO POLICE OFFICERS ANTHONY VARCHETTO, STAR #9031; JOHN THORNTON, JR., STAR #12921; RANITA MITCHELL, STAR #12514; KEVIN DRUMGOOLE, STAR #19047; STACI BAILEY, STAR #6683; YOLANDA TALLEY, STAR #1564; JAMES LOVE, STAR #17382; WOJCIECH LACZ, STAR #15609; PAUL MEAGHER, STAR #8762; and THE CITY OF CHICAGO, a Municipal Corporation;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICERS ANTHONY VARCHETTO, STAR #9031; JOHN THORNTON, JR., STAR #12921; RANITA MITCHELL, STAR #12514; KEVIN DRUMGOOLE, STAR #19047; STACI BAILEY, STAR #6683; YOLANDA TALLEY, STAR #1564; JAMES LOVE, STAR #17382; WOJCIECH LACZ, STAR #15609; PAUL MEAGHER, STAR #8762; and THE CITY OF CHICAGO, a Municipal Corporation;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICERS ANTHONY VARCHETTO, STAR #9031; JOHN THORNTON, JR., STAR #12921; RANITA MITCHELL, STAR #12514; KEVIN DRUMGOOLE, STAR #19047; STACI BAILEY, STAR #6683; YOLANDA TALLEY, STAR #1564; JAMES LOVE, STAR #17382; WOJCIECH LACZ, STAR #15609; PAUL MEAGHER, STAR #8762; and THE CITY OF CHICAGO, a Municipal Corporation;

   d. Award punitive damages against CHICAGO POLICE OFFICERS ANTHONY VARCHETTO, STAR #9031; JOHN THORNTON, JR., STAR #12921; RANITA MITCHELL, STAR #12514; KEVIN DRUMGOOLE, STAR #19047; STACI BAILEY, STAR #6683; YOLANDA TALLEY, STAR #1564; JAMES LOVE, STAR #17382; WOJCIECH LACZ, STAR #15609; PAUL MEAGHER, STAR #8762; and THE CITY OF CHICAGO, a Municipal Corporation; and

   e. Grant any other relief this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff, GILBERTO FLORES, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

> Respectfully submitted,
>
> /s/ Jeffrey J. Neslund
> JEFFREY J. NESLUND
> Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100